# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| GLENDA WILLIAMS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MONTESI'S SUPERMARKET, )<br>    Defendants. ) | No. 2:13-2787-SHL-dkv |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION; ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES

Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss (the "Report and Recommendation"), which was filed on June 30, 2014. (ECF No. 19.) In the Report and Recommendation, the Magistrate Judge recommends denying Defendant's Motion to Dismiss. (ECF No. 15.) The Magistrate Judge also recommends denying Defendant's Motion for Attorney's Fees (ECF No. 11). The Defendant filed objections to the Report and Recommendation on July 9, 2014. (ECF No. 20.) For the reasons discussed below, the Court ADOPTS the Report and Recommendation (ECF No. 19) in its entirety. Accordingly, Defendant's Motion to Dismiss (ECF No. 15) and Motion for Attorney's Fees (ECF No. 11) are DENIED.

   **A. Background**

Plaintiff filed a pro se complaint on October 7, 2013, alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) The Court entered a scheduling order on December 11, 2013 which set a discovery deadline of June 10, 2014. (ECF No. 9.) Defendant filed a Motion to Compel Discovery and seeking attorney's fees on March 11, 2014. (ECF 11.) Plaintiff did not respond to this motion. Magistrate Judge Vescovo granted this motion on April

8, 2014 – ordering Plaintiff to respond to Defendant's discovery requests by April 22, 2014 and awarding the defendant $500 in attorney's fees. (ECF No. 12.)

On April 25, 2014, Defendant filed a Motion to Dismiss for Failure to Comply with Court Order Compelling Discovery. (ECF No. 15.) Defendant argued that the case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) because the Plaintiff did not respond to Defendant's discovery requests within the time frame set by the Magistrate Judge's Order. In response, on April 25, 2014 and June 5, 2014, Plaintiff filed two "Notices" with the court in which she provided photocopies of the parcels she had attempted to send to the Defendant along with copies of the discovery responses enclosed therein. (ECF Nos. 16, 18.)

**B. Motion to Dismiss**

If a party fails to obey an order to provide or permit discovery, the court may issue "further just orders", including dismissing the action in whole or in part. See Fed. R. Civ. P. 37(b)(2)(A). However, dismissal for failure to make disclosures or cooperate in discovery is "the sanction of last resort". Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994). Dismissal should only be imposed "if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault". Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir.1985) (citations omitted). Once the Court determines that a party's failure to cooperate is due to willfulness, bad faith or fault, it should weigh the following factors in determining whether to dismiss an action for failure to provide or cooperate in discovery: "(1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered." Bentkowski v.

Scene Magazine, 637 F.3d 689, 697 (6th Cir. 2011) (quoting Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988)).[1]

The Magistrate Judge determined that it was unnecessary to consider these three factors because the Plaintiff's failure to comply was not willful or in bad faith. (See ECF No. 19 at 5-6.) Plaintiff made several attempts to mail her discovery responses to Defendant's counsel of record, but the parcels were returned to her. The Magistrate noted that these documents were mailed prior to the Defendant's Motion to Compel was filed and in accordance with the standards for service set forth in Federal Rule of Civil Procedure 5(b)(2)(C). Finally, the Magistrate Judge reasoned that the Plaintiff's failure to comply should be excused in light of Sixth Circuit precedent holding that *pro se* litigants should be held to "less stringent standards" than attorneys, and "should not be precluded from resorting to the courts merely for want of sophistication." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Defendant objects to the Magistrate Judge's holding, arguing that Plaintiff's failure to comply was not in good faith for several reasons. First, Defendant emphasizes that the Plaintiff did not actually respond to the Order to Compel because the Plaintiff sent her packages prior to the April 8, 2014 Order to Compel. Defendant also argues that Plaintiff's failure to comply was not in good faith because "Plaintiff offers no explanation as to why the envelopes were returned … of alternative efforts to provide the discovery, nor any explanation for why she did not attempt to make other arrangements for the delivery of discovery responses to Defendant." (See ECF No. 20, at 2-3.) Finally, Defendant alleges that, the "zip codes on both envelopes appear to be altered from 38108 [Plaintiff's zip code] to 38018 [Defendant's zip code]" and that it is "more

---

[1] It is unclear from Sixth Circuit precedent whether bad faith is a prerequisite or one of the factors to be considered, however, this issue is irrelevant in this case because the Defendant's objections are without merit even if bad faith were merely a factor rather than a prerequisite.

reasonable to believe that Plaintiff sent envelopes to Defendant's counsel addressed to the wrong zip code, but in the submissions to the Court she altered the documents in an attempt to mislead the Court into making an assumption that she sent them to Defendant's correct zip code when she did not." (See ECF No. 20 at 3.)

Defendant's insinuations of misconduct and complaints about a *pro se* petitioner's less than perfect responses to discovery do not convince this Court that the Magistrate Judge erred in concluding the Plaintiff made a good faith attempt to comply with discovery requests. Even assuming Plaintiff was to blame for the failed delivery of the discovery responses, Defendant has not shown any prejudice by this delay, let alone sufficient prejudice to justify the harsh punishment of dismissing this case. Accordingly, the Court hereby ADOPTS the Report and Recommendation (ECF No. 19) in regards to the Motion to Dismiss (ECF No. 15).

**C. Motion for Attorney's Fees**

The Defendant did not object to the Magistrate Judge's findings in regards to the Motion for Attorney's Fees. (ECF No. 11.) "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. On clear-error review of the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation (ECF No. 19) in regards to the Motion for Attorney's Fees (ECF No. 11).

**IT IS SO ORDERED,** this 25th day of August, 2014.

/s/ Sheryl H. Lipman
SHERYL H. LIPMAN
U.S. DISTRICT COURT JUDGE